# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY WALKER,<br>    Petitioner<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent | :<br>:<br>:   No. 1:07-cr-263-1<br>:<br>:<br>:   (Judge Kane)<br>:   (Magistrate Judge Carlson)<br>: |

## MEMORANDUM

Presently before the Court is Petitioner Barry Walker ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. Nos. 376, 383, 386), Magistrate Judge Carlson's May 6, 2019 Report and Recommendation (Doc. No. 418), recommending that Petitioner's § 2255 motion be denied, Petitioner's objections thereto (Doc. No. 419), Petitioner's amended § 2255 motion (Doc. No. 420), and Petitioner's motion requesting that his § 2255 proceedings be held in abeyance (Doc. No. 421). For the following reasons, the Court will adopt Magistrate Judge Carlson's Report and Recommendation, overrule Petitioner's objections, deny his § 2255 motion and amended § 2255 motions, and deny as moot his motion to hold § 2255 proceedings in abeyance.

## I.     BACKGROUND

On February 13, 2008, a grand jury returned a third superseding indictment charging Petitioner with: aiding and abetting possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2; conspiracy to possess with the intent to distribute cocaine base and possess a firearm in furtherance of a crime of violence or drug trafficking, in violation of 21 U.S.C. § 846; aiding and abetting the possession, carrying, and use of a firearm during, in relation to, and in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c) and 2; possession of a firearm by a convicted felon, in violation of 18

U.S.C. § 922(g)(1); aiding and abetting the possession, carrying, and use of a firearm during, in relation to, and in furtherance of a drug trafficking offense and attempted robbery, in violation of 18 U.S.C. §§ 924(c) and 2; attempted robbery affecting interstate commerce (Hobbs Act robbery), in violation of 18 U.S.C. § 1915(a); escape, in violation of 18 U.S.C. § 751(a); and possession with the intent to distribute five (5) grams and more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 74.) On August 14, 2008, following a jury trial, Petitioner was convicted of all counts with the exception of possession of a firearm by a convicted felon. (Doc. No. 213.) On July 8, 2010, the Court sentenced Petitioner to 570 months' incarceration. (Doc. No. 329.) The United States Court of Appeals for the Third Circuit affirmed Petitioner's judgment of conviction and sentence on September 13, 2011. See United States v. Walker, 657 F.3d 160, 188 (3d Cir. 2011). The Supreme Court denied Petitioner's petition for a writ of certiorari on October 7, 2013. See Walker v. United States, 571 U.S. 850 (2013).

On October 8, 2014, Petitioner, proceeding pro se, filed his initial § 2255 motion. (Doc. No. 376.) In that § 2255 motion, Petitioner raises the following claims for relief:

Ground One: The Court erred by upholding his escape conviction because he only absconded from a parole officer;

Ground Two: Trial counsel rendered ineffective assistance by: (1) failing to object to or investigate the facts of Petitioner's escape charge; (2) failing to request DNA and fingerprint testing of the drugs found in the glove compartment of the car in which Petitioner was arrested; (3) failing to object to the laboratory testing on the drugs and failing to call the technician as a witness; (4) failing to object to prosecutorial misconduct; and (5) failing to object to the Government's presentation of Officer Goshert as an expert in interstate commerce violations;

Ground Three: Appellate counsel rendered ineffective assistance by failing to challenge: (1) prosecutorial misconduct; (2) the Government's presentation of Officer Gosher as an expert;

|  | and (3) the fact that the Government did not stipulate to the amount of drugs involved; |
| --- | --- |
| Ground Four: | Petitioner's rights under the Confrontation Clause of the Sixth Amendment were violated when the laboratory technician did not testify; and |
| Ground Five: | The Government committed prosecutorial misconduct by presenting perjured testimony from witness Skylar Rhoades. |

(Doc. No. 376 at 4-14.) In an Order dated February 18, 2015, the Court directed service of Petitioner's § 2255 motion upon the Government and directed the Government to file a response. (Doc. No. 379.) The Government filed its brief in opposition on March 10, 2015. (Doc. No. 381.)

On March 15, 2016, attorney Melinda Ghilardi ("attorney Ghilardi") filed a motion for leave to file a counseled supplemental § 2255 motion based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015)[1], on Petitioner's behalf. (Doc. No. 382.) Two (2) days later, Petitioner filed a pro se supplement to his § 2255 motion, asserting the following claims:

| Ground Five: | The Court gave erroneous jury instructions regarding Petitioner's charges under 18 U.S.C. § 924(c) pursuant to the Supreme Court's decision in Rosemond v. United States, 572 U.S. 65 (2014)[2]; and |
| --- | --- |

---

[1] In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally void for vagueness. See Johnson, 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

[2] In Rosemond, the Supreme Court held that a jury must find that a defendant knew that one of his accomplices was carrying a firearm in order to convict that defendant of aiding and abetting an offense involving the use of a firearm. See Rosemond, 572 U.S. at 77.

3

| | |
|---|---|
| Ground Six: | Petitioner was sentenced in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)[3], and <u>Alleyne v. United States</u>, 570 U.S. 99 (2013)[4], when the Government failed to prove that he possessed a firearm in furtherance of a crime of violence. |

(Doc. No. 383.) In an Order dated March 22, 2016, the Court granted attorney Ghilardi's motion for leave to file a counseled supplemental § 2255 motion. (Doc. No. 385.) Attorney Ghilardi filed the supplemental motion on April 5, 2016, arguing that in light of <u>Johnson</u>, Petitioner no longer qualified as a career offender and that his second § 924(c) conviction and sentence should be vacated. (Doc. No. 386.) Upon Order of the Court (Doc. No. 388), the Government filed a response to the supplemental § 2255 motion on May 5, 2016 (Doc. No. 390), and attorney Ghilardi filed a reply on May 15, 2016 (Doc. No. 394).

Subsequently, attorney Ghilardi filed a motion to withdraw as counsel for Petitioner. (Doc. No. 396.) In an Order dated February 21, 2018, the Court granted the motion and indicated that it would rule on Petitioner's <u>pro se</u> § 2255 motion and supplement and counseled supplement in due course. (Doc. No. 397.) On December 20, 2018, the Court referred Petitioner's § 2255 motion and supplements to Magistrate Judge Carlson for the preparation of a Report and Recommendation. (Doc. No. 403.) On January 2, 2019, Petitioner filed a motion, styled as a motion for a stay, seeking additional time to file a supplemental brief in support of his § 2255 motion. (Doc. No. 404.) In a Memorandum Order dated January 4, 2019, Magistrate Judge Carlson granted Petitioner's motion and directed Petitioner to file any supplemental brief on or before February 1, 2019. (Doc. No. 405.) Rather than filing a supplemental brief,

---

[3] In <u>Apprendi</u>, the Supreme Court held that a jury must make factual findings before a defendant's maximum penalty for an offense can be increased. See <u>Apprendi</u>, 530 U.S. at 490.

[4] In <u>Alleyne</u>, the Supreme Court extended the rule set forth in <u>Apprendi</u>, applying it to facts that increase the mandatory minimum sentence. See <u>Apprendi</u>, 570 U.S. at 116.

however, Petitioner filed an amended § 2255 motion, alleging that counsel failed to object to his career offender enhancement, failed to argue that the Government never proved that he possessed an amount of crack cocaine sufficient to trigger a mandatory minimum sentence, and that counsel failed to argue that his multiple § 924(c) convictions violate the Double Jeopardy Clause of the Fifth Amendment. (Doc. No. 406.)

On May 6, 2019, Magistrate Judge Carlson issued his Report and Recommendation (Doc. No. 418), recommending that Petitioner's § 2255 motion and supplements be denied. On May 28, 2019, Petitioner filed his objections to the Report and Recommendation (Doc. No. 419), a document styled as an amended § 2255 motion (Doc. No. 420), and a motion asking § 2255 proceedings to be held in abeyance pending the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019) (Doc. No. 421).

## II. DISCUSSION

### A. Standard of Review for § 2255 Motions

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185.

5

### B. Magistrate Judge Carlson's Report and Recommendation

As noted above, Magistrate Judge Carlson recommends that Petitioner's § 2255 motion be denied because his various claims lack merit. (Doc. No. 418.) First, Magistrate Judge Carlson concludes that Petitioner was charged properly with escape in violation of 18 U.S.C. § 751(a) because he absconded from the parole officer to evade prosecution for the offenses charged in the above-captioned case. (Id. at 11-13.) Magistrate Judge Carlson also notes that because Petitioner was charged properly with escape, counsel was not ineffective for failing to object to that charge. (Id. at 13.) Magistrate Judge Carlson further concludes that neither trial counsel nor appellate counsel rendered ineffective assistance, that the Government did not commit prosecutorial misconduct, and that Petitioner's rights under the Confrontation Clause were not violated. (Id. at 13-24.)

Magistrate Judge Carlson also concludes that Rosemond, Apprendi, Alleyne, and Johnson do not afford Petitioner relief. (Id. at 24-31.) Of note, Magistrate Judge Carlson finds that Petitioner does not have an Apprendi claim because he was not sentenced beyond the twenty (20)-year statutory maximum for violations of 21 U.S.C. § 41(b)(1)(C). (Id. at 23.) He concludes further that Johnson provides Petitioner no relief because the rule set forth in Johnson does not apply to the advisory sentencing guidelines[5] and because attempted Hobbs Act robbery is a crime of violence that qualifies as a predicate offense under the elements clause of § 924(c). (Id. at 28-31.)

---

[5] See Beckles v. United States, 137 S. Ct. 886, 895 (2017) (concluding that the advisory Sentencing Guidelines are "not subject to vagueness challenges under the Due Process Clause").

C.  **Petitioner's Objections and Various Motions**

In his objections, Petitioner faults Magistrate Judge Carlson for "not address[ing] any of the ineffective counsel claims that Petitioner . . . has argued" in his amended § 2255 motion. (Doc. No. 419 at 1.)  Petitioner, however, has not objected to Magistrate Judge Carlson's conclusions regarding his claims with the exception of his claim raising an Apprendi violation and his claim asserting that, under Johnson, he no longer qualifies as a career offender under the advisory Sentencing Guidelines.  Having considered Petitioner's challenges, the Court concludes that Magistrate Judge Carlson correctly and comprehensively addressed the substance of Petitioner's objections in his Report and Recommendation.  Accordingly, the Court will overrule Petitioner's objections and adopt Magistrate Judge Carlson's Report and Recommendation.

As noted above, Petitioner has filed two amended pro se § 2255 motions.  (Doc. Nos. 406, 420.)  As an initial matter, Petitioner's second amended § 2255 motion raises only a vague claim of ineffective assistance by trial and appellate counsel.  (Doc. No. 420 at 1-2.)  Petitioner requests that the Court find counsel ineffective "for not arguing, objecting to and raising the issues presented herein that could have exculpatorily impacted his trial and sentence and convictions."  (Id. at 2.)  Presumably, Petitioner is referring to the claims of ineffective assistance that he raised in his § 2255 motion and supplements thereto.  Because Magistrate Judge Carlson correctly and comprehensively addressed these claims, the Court will deny Petitioner's second amended
§ 2255 motion.

In his first amended § 2255 motion, Petitioner raises his Apprendi claim, his Johnson challenge to the Sentencing Guidelines, and a claim that his multiple § 924(c) convictions violate the Double Jeopardy Clause of the Fifth Amendment.  (Doc. No. 406.)  The Court has already

7

addressed the Apprendi and Johnson claims above. Petitioner's Double Jeopardy claim is also meritless. As the Third Circuit noted, testimony at trial established that Petitioner possessed a firearm during a drug distribution transaction and also constructively possessed a firearm during the attempted Hobbs Act robbery. See Walker, 657 F.3d at 166. Petitioner was charged with two (2) separate predicate offenses and two (2) accompanying § 924(c) charges and was convicted of all four (4). Thus, Petitioner's "consecutive mandatory minimum sentences are not multiplicitous and do not violate Double Jeopardy." See United States v. Hobbs, 612 F. App'x 94, 100 (3d Cir. 2015). Accordingly, the Court will deny Petitioner's first amended § 2255 motion.

Petitioner has also filed a motion to hold his § 2255 proceedings in abeyance pending the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). (Doc. No. 421.) On June 24, 2019, the Supreme Court issued its opinion in Davis, extending the holding of Johnson to § 924(c)(3)(B) and concluding that its residual clause is unconstitutionally vague.[6] See Davis, 139 S. Ct. at 2336. Because the Supreme Court has issued its decision in Davis, the Court will deny as moot Petitioner's motion requesting that his § 2255 proceedings be held in abeyance pending the Davis decision. Moreover, as Magistrate Judge Carlson correctly notes, Petitioner's conviction for attempted Hobbs Act robbery is still a predicate crime of violence

---

[6] Under § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, or brandishes a firearm "during and in relation to any crime of violence." See 18 U.S.C. § 924(c)(1)(A)(ii). A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See id. § 924(c)(3). Courts have generally referred to clause A as the "elements clause" and clause B as the "residual clause." See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

8

under § 924(c)(3)(A). (Doc. No. 30-31); see also United States v. St. Hubert, 909 F.3d 335, 351 (11th Cir. 2018) (concluding that "attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force").

### D. Evidentiary Hearing

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, as discussed above, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

### E. Certificate of Appealability

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

9

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason would not disagree with the Court's assessment of Petitioner's claims. Accordingly, the Court will not issue a COA.

## III. CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Carlson's Report and Recommendation (Doc. No. 418), overrule Petitioner's objections thereto (Doc. No. 419), and deny Petitioner's § 2255 motion (Doc. Nos. 376, 383, 386). The Court will also deny Petitioner's amended § 2255 motions (Doc. Nos. 406, 420) and deny as moot his motion to hold § 2255 proceedings in abeyance (Doc. No. 421). The Court will not conduct an evidentiary hearing and will not issue a COA. An appropriate Order follows.