IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY WALKER, : | |
|     Petitioner : | |
| : | No. 1:07-cr-00263-1 |
| v. : | |
| : | (Judge Kane) |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |

**MEMORANDUM**

Before the Court is Petitioner Barry Walker ("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his conviction and accompanying sentence imposed by this Court for violating 18 U.S.C. § 924(c) on the basis that the predicate offense of attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. (Doc. No. 514.) For the reasons that follow, the Court will dismiss Petitioner's petition for lack of jurisdiction.

**I.    BACKGROUND**

Petitioner Barry Walker ("Petitioner") was convicted by a jury in 2008 of the following crimes: two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 (counts 1 and 8); conspiracy to distribute and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (count 2); interference with commerce by threats of violence in violation of 18 U.S.C. § 1951(a) (count 6); possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (count 3); possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (count 5);[1] and escape in

---

[1] Count five charged that Petitioner "did intentionally and knowingly possess, carry, and use a firearm during, in relation to, and in furtherance of a drug trafficking offense, to wit, the attempt to take by force controlled substances and United States currency from an unknown individual in violation of Title 21, United States Code Section 841(a)(1) and Title 18 United States Code

violation of 18 U.S.C. § 751(a) (count 7).  (Doc. Nos. 213, 329.)  On July 8, 2010, the Court sentenced Petitioner, who was classified as a career offender under the United States Sentencing Guidelines, to a total of 570 months' imprisonment on all counts of conviction.[2]  (Doc. No. 329.)  Petitioner unsuccessfully appealed his convictions and sentence to the Third Circuit Court of Appeals, see United States v. Walker, 657 F.3d 150, 188 (3d Cir. 2011), and the United States Supreme Court subsequently denied his petition for a writ of certiorari, see Walker v. United States, 571 U.S. 850 (2013).

On October 8, 2014, Petitioner filed an initial pro se motion pursuant to 28 U.S.C. § 2255, raising numerous grounds for relief.  (Doc. No. 376.)  After the Government responded to that motion (Doc. No. 381), on March 15, 2016, attorney Melinda Ghilardi filed a motion for leave to file a counseled supplemental § 2255 motion based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015)[3] on Petitioner's behalf.  (Doc. No. 382.)  Two days later, Petitioner filed a pro se supplement to his initial Section 2255 motion asserting two additional claims.  (Doc. No. 383.)  The Court granted attorney Ghilardi's motion for leave to file a counseled supplemental motion (Doc. No. 385), and she did so on April 5, 2016 (Doc. No.

---

Section 1951, and did aid and abet the same."  (Doc. No. 74 at 5.)  While the count five charge referenced drug trafficking and the Hobbs Act as 924(c) predicate offenses, the trial presentation, jury instructions, and verdict limited the predicate to the Hobbs Act.  (Doc. No. 211 at 3.)

[2]  The Court notes that, at the time of Petitioner's trial and sentencing, a defendant who was convicted of two Section 924(c) offenses in a single prosecution faced a 25-year minimum for the second or subsequent violation.  Section 403 of the First Step Act changed the law so that only a second Section 924(c) violation committed after a prior violation is finalized triggers a 25-year minimum sentence.  See United States v. Davis, 139 S. Ct. 2319, 2324 n.1 (2019).

[3]  In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally void for vagueness.  See Johnson, 135 S. Ct. at 2557.  On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review.  See Welch v. United States, 136 S. Ct. 1257 (2016).

386), arguing that after Johnson, Petitioner no longer qualified as a career offender and that his second § 924(c) conviction and sentence should be vacated (id.).  Pursuant to the Court's order (Doc. No. 388), the Government filed a response to the counseled supplemental motion (Doc. No. 390), and attorney Ghilardi filed a reply on behalf of Petitioner (Doc. No. 394).  Attorney Ghilardi later filed a motion to withdraw as counsel for Petitioner (Doc. No. 396), which the Court granted, indicating that it would rule on Petitioner's pro se § 2255 motion, his pro se supplement, and counseled supplement in due course (Doc. No. 397).

Petitioner's § 2255 filings were later referred to Magistrate Judge Carlson for the preparation of a Report and Recommendation.  (Doc. No. 403.)  On January 2, 2019, Petitioner filed a motion, styled as a motion for a stay, seeking additional time to file a supplemental brief in support of his § 2255 motion.  (Doc. No. 404.)  Magistrate Judge Carlson granted Petitioner's motion and directed Petitioner to file any supplemental brief on or before February 1, 2019.  (Doc. No. 405.)  Instead of filing a supplemental brief, on January 18, 2019, Petitioner filed an amended § 2255 motion raising additional claims.  (Doc. No. 406.)  On May 6, 2019, Magistrate Judge Carlson issued a Report and Recommendation recommending that Petitioner's initial § 2255 motion and supplements be denied.  (Doc. No. 418.)  Petitioner then filed objections to the Report and Recommendation (Doc. No. 419), a document styled as an amended § 2255 motion (Doc. No. 420), and a motion asking that § 2255 proceedings be held in abeyance pending the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019) (Doc. No. 421).

On October 31, 2019, this Court adopted Magistrate Judge Carlson's Report and Recommendation over Petitioner's objections and denied Petitioner's initial § 2255 motion, as well as his amended and supplemental motions.  (Doc. Nos. 440–41.)  In so doing, the Court denied Petitioner's motion to hold proceedings in abeyance as moot because the Supreme Court

had issued its opinion in Davis, extending the holding of Johnson to § 924(c)(3)(B) and concluding that its residual clause is unconstitutionally vague.[4] See Davis, 139 S. Ct. at 2336. The Court noted that "Petitioner's conviction for attempted Hobbs Act robbery is still a predicate crime of violence under § 924(c)(3)(A)." (Doc. No. 440 at 8–9.)

On December 4, 2019, Petitioner filed a Notice of Appeal seeking a certificate of appealability from the United States Court of Appeals for the Third Circuit. (Doc. No. 445.) Thereafter, on March 26, 2020, Petitioner filed a "Motion to Appoint Counsel re Reduce Sentence in Proceedings Related to the Application of US v. Davis." (Doc. No. 453.) This Court's Standing Order 19-08 (Appointment of Counsel in Proceedings Related to US v. Davis) issued, and the Federal Public Defender ("FPD") was appointed to represent Petitioner. (Doc. No. 454.) Because of a potential conflict in the FPD's representation of Petitioner, the FPD moved to withdraw. (Doc. No. 455.) On April 1, 2020, the Court granted that motion and appointed Edward J. Rymsza, Esq. to represent Petitioner. (Doc. No. 456.)

Subsequently, on June 24, 2020, Petitioner filed a counseled Motion to Vacate under 28 U.S.C. § 2255 pursuant to United States v. Davis, representing that Petitioner had filed a motion for permission to file a second or successive Section 2255 motion with the Third Circuit. (Doc. No. 461.) Petitioner's successive Section 2255 motion was based on his argument that, after Davis, his § 924(c) conviction cannot be sustained because the predicate offense of attempted

---

[4] Under § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, or brandishes a firearm "during and in relation to any crime of violence." See 18 U.S.C. § 924(c)(1)(A)(ii). A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See id. § 924(c)(3). Courts have generally referred to clause A as the "elements clause" and clause B as the "residual clause." See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140–41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

4

Hobbs Act robbery is not a crime of violence. (Id. at 6.) That motion remains pending on the Court's docket.

On April 29, 2021, the Third Circuit issued an order denying Petitioner's request for a certificate of appealability in connection with this Court's resolution of his initial Section 2255 motion. (Doc. No. 477.) In its order, the Third Circuit also stated, "[w]e further add that appellant's claim under Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Davis, 139 S. Ct. 2319, is not debatable because Hobbs Act robbery remains a § 924(c) crime of violence." (Doc. No. 477 at 1.) The Third Circuit's order cited its recent decision in United States v. Marcus Walker, 990 F.3d 316, 325–26 (3d Cir. 2021), wherein it held that both completed Hobbs Act robbery and attempted Hobbs Act robbery constitute crimes of violence under the elements clause of Section 924(c) after Davis. In light of this controlling precedent, on May 20, 2021, this Court issued an order directing Petitioner to show cause why the Court should not dismiss his pending Section 2255 motion. (Doc. No. 480.) Petitioner filed a response indicating that there was a split in the circuit courts of appeal with regard to whether attempted Hobbs Act robbery is a crime of violence under Section 924(c)'s elements clause and informing the Court that a petition for writ of certiorari would be filed in the Marcus Walker case. (Doc. No. 481.) Accordingly, Petitioner requested that the Court reserve any ruling on Petitioner's Section 2255 motion until the resolution of certiorari proceedings in Marcus Walker. (Id.)

On June 21, 2022, the Supreme Court issued an opinion in United States v. Taylor, 142 S. Ct. 2015 (2022), resolving the circuit split and holding that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of 18 U.S.C. § 924(c). Thereafter, the Supreme Court granted certiorari in Marcus Walker, vacated the judgment, and remanded the case to the Third Circuit in light of its decision in Taylor. In July 2022, Petitioner filed a request

for permission to file a successive Section 2255 motion with the Third Circuit based on Taylor. See (Doc. No. 488). On January 4, 2023, the Third Circuit denied Petitioner's request. See In re Barry Walker, No. 22-2379 (3d Cir. Jan. 4, 2023), ECF No. 8. In so doing, the Third Circuit stated as follows:

> Walker's application under 28 U.S.C. §§ 2244 & 2255(h) is denied. He relies on United States v. Taylor, 142 S. Ct. 2015 (2022), but that case involves statutory interpretation and did not announce a new rule of constitutional law. See id. at 2023 & 2024 (discussing proposed construction of the statute against the "usual rules of statutory interpretation"); see generally In re Sampson, 954 F.3d 159, 161 (3d Cir. 2020) (per curiam) (stressing that case involving statutory interpretation did not satisfy § 2255(h)). This order is without prejudice to Walker's asserting a claim based on Taylor in the District Court in a § 2241 petition.

See id.

On April 11, 2023, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 514), with a brief in support (Doc. No. 515). Thereafter, the Government filed a motion to stay briefing on the petition (Doc. No. 518) based on the United States Supreme Court's consideration of the scope of 28 U.S.C. § 2255's savings clause, 28 U.S.C. § 2255(e)—which provides the vehicle for Petitioner to seek relief under 28 U.S.C. § 2241—in the still-pending case of Jones v. Hendrix, 143 S. Ct. 1857 (2023). The Court granted the Government's motion and stayed briefing on Petitioner's Section 2241 petition pending the Supreme Court's decision in Jones. (Doc. No. 519.) On July 18, 2023, noting that the Supreme Court issued an opinion in Jones on June 22, 2023, the Court issued an order lifting the stay of briefing, directing the Government to respond to the petition on or before August 1, 2023, and permitting Petitioner to file a reply to that response within fourteen (14) days of its filing. (Doc. No. 525.) On July 31, 2023, the Government filed its brief in opposition to the petition. (Doc. No. 526.) On August 14, 2023, Petitioner filed an unopposed request for a thirty-day (30) extension of time to file his reply (Doc. No. 529), which the Court granted, making Petitioner's

reply due September 14, 2023 (Doc. No. 530). Petitioner filed his reply on September 13, 2023. (Doc. No. 541.) Having been fully briefed, Petitioner's Section 2241 petition for writ of habeas corpus is ripe for disposition.

## II.     DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed, are generally required to bring such challenges by way of 28 U.S.C. § 2255. See 28 U.S.C. § 2255. The Third Circuit has stated that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)).

Section 2255 provides, in relevant part, as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> (e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> \*\*\*
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

> reasonable factfinder would have found guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See 28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause."

In <u>Jones v. Hendrix</u>, 143 S. Ct. 1857 (2023), a petitioner filed a § 2241 petition challenging his federal sentence based on new Supreme Court precedent interpreting his statute of conviction. <u>See id.</u> at 1864. The petitioner had previously filed a § 2255 petition which was resolved on the merits but argued that he could challenge his sentence anew by way of a § 2241 petition pursuant to § 2255(e)'s saving clause because, before the new Supreme Court decision was issued, his challenge was foreclosed by binding circuit precedent and therefore a § 2255 remedy was "inadequate or ineffective" to test the legality of his sentence. <u>See id.</u> The Supreme Court affirmed the dismissal of the § 2241 petition for lack of jurisdiction, stating as follows:

> [T]he saving clause does not authorize an end-run around [§ 2255(h)]. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255 is that a second or successive or collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

<u>See id.</u> at 1868 (expressly overruling the Third Circuit's previous application of the saving clause to permit federal prisoners to bring § 2241 petitions in limited circumstances in <u>In re Dorsanvail</u>, 119 F.3d 245 (3d Cir. 1997)). Accordingly, after <u>Jones</u> the saving clause contained in § 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." <u>See id.</u> at 1864.

Here, as detailed above, Petitioner previously filed a § 2255 motion that was addressed on the merits and denied. Accordingly, pursuant to <u>Jones</u>, Petitioner cannot challenge his

sentence by way of a § 2241 petition unless his claim fits within the parameters of § 2255(h). See Jones, 143 S. Ct. at 1864. The Third Circuit has found that Petitioner's statutory claim does not satisfy § 2255(h). See In re Barry Walker, No. 22-2379 (3d Cir. Jan. 4, 2023), ECF No. 8. Although the Third Circuit suggested that Petitioner may have recourse to § 2241 to pursue his statutory challenge, the Supreme Court's decision in Jones foreclosed that possibility. See Jones, 143 S. Ct. at 1864 (holding "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive motions by filing a § 2241 petition"). Accordingly, Petitioner's § 2241 petition seeking relief based on Taylor is an unauthorized successive collateral attack on his sentence and the Court must dismiss the petition for lack of jurisdiction pursuant to § 2255(h).[5]

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.[6] An appropriate Order follows.

                                                                     s/ Yvette Kane
                                                Yvette Kane, District Judge
                                                United States District Court
                                                Middle District of Pennsylvania

---

[5] In apparent recognition of the bar posed by Jones to his request for § 2241 relief, Petitioner in his reply to the Government's response asks this Court to construe his § 2241 motion "as a writ of error coram nobis, a writ of audita querela, or a Rule 60(b) motion." (Doc. No. 541 at 2.) However, the Court notes that Petitioner devotes only two pages of his reply brief to a discussion of the potential applicability of these three forms of relief to his situation. (Id. at 3–5.) The Court further notes that the Government has not had an opportunity to respond to Petitioner's argument that these three forms of relief are available to an individual in Petitioner's situation. Accordingly, the Court declines Petitioner's invitation to construe his § 2241 petition as a writ of error coram nobis, writ of audita querela, or a Rule 60(b) motion. To the extent that Petitioner believes that these procedural devices afford him the potential for relief, he should file a properly-supported motion to that effect and, once fully briefed, the Court will rule on any such request in due course.

[6] The Court will also dismiss for lack of jurisdiction Petitioner's still-pending Motion to Vacate under 28 U.S.C. § 2255. (Doc. No. 461.)