## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 1:07-cr-00263-1 |
| v. | : | |
| | : | (Judge Kane) |
| BARRY WALKER, | : | |
| Defendant | : | |

### MEMORANDUM

Before the Court is Defendant Barry Walker ("Defendant" or "Walker")'s Motion for

Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) or Alternatively, a

Petition for a Writ of <u>Audita</u> <u>Querela</u>. (Doc. No. 545.) For the reasons that follow, the Court will

dismiss in part and deny in part Defendant's motion.

### I.    BACKGROUND

Along with his co-Defendant and brother, Barron Walker, Walker was convicted by a jury

in 2008 of the following crimes: two counts of possession with intent to distribute crack cocaine

in violation of 21 U.S.C. § 841 (counts 1 and 8); conspiracy to distribute and possession with

intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (count 2); interference with

commerce by threats of violence in violation of 18 U.S.C. § 1951(a) (count 6); possession of a

firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (count 3); possession

of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (count 5);[1]

---

[1]  Count five charged that Defendant "did intentionally and knowingly possess, carry, and use a firearm during, in relation to, and in furtherance of a drug trafficking offense, to wit, the attempt to take by force controlled substances and United States currency from an unknown individual in violation of Title 21, United States Code Section 841(a)(1) and Title 18 United States Code Section 1951, and did aid and abet the same." (Doc. No. 74 at 5.) While the count five charge referenced drug trafficking and the Hobbs Act as 924(c) predicate offenses, the trial presentation, jury instructions, and verdict limited the predicate to the Hobbs Act. (Doc. No. 211 at 3.)

and escape in violation of 18 U.S.C. § 751(a) (count 7).  (Doc. Nos. 213, 329.)  On July 8, 2010, the Court sentenced Defendant, who was classified as a career offender under the United States Sentencing Guidelines, to a total of 570 months' imprisonment on all counts of conviction.[2] (Doc. No. 329.)  Defendant unsuccessfully appealed his convictions and sentence to the Third Circuit Court of Appeals, see United States v. Walker, 657 F.3d 150, 188 (3d Cir. 2011), and the United States Supreme Court subsequently denied his petition for a writ of certiorari, see Walker v. United States, 571 U.S. 850 (2013).

On October 8, 2014, Defendant filed a pro se motion pursuant to 28 U.S.C. § 2255, raising numerous grounds for relief.  (Doc. No. 376.)  After the Government responded to that motion (Doc. No. 381), on March 15, 2016, attorney Melinda Ghilardi filed a motion for leave to file a counseled supplemental § 2255 motion based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015)[3] on Defendant's behalf.  (Doc. No. 382.)  Two days later, Defendant filed a pro se supplement to his initial Section 2255 motion asserting two additional claims.  (Doc. No. 383.)  The Court granted attorney Ghilardi's motion for leave to file a counseled supplemental motion (Doc. No. 385), and she did so on April 5, 2016 (Doc. No. 386), arguing that after Johnson, Defendant no longer qualified as a career offender and that his

---

[2]  The Court notes that, at the time of Defendant's trial and sentencing, a defendant who was convicted of two Section 924(c) offenses in a single prosecution faced a 25-year minimum for the second or subsequent violation.  Section 403 of the First Step Act changed the law so that only a second Section 924(c) violation committed after a prior violation is finalized triggers a 25-year minimum sentence.  See United States v. Davis, 139 S. Ct. 2319, 2324 n.1 (2019).

[3]  In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally void for vagueness.  See Johnson, 135 S. Ct. at 2557.  On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review.  See Welch v. United States, 136 S. Ct. 1257 (2016).

second § 924(c) conviction (count 5) and sentence should be vacated (id.).[4]  Pursuant to the

Court's Order (Doc. No. 388), the Government filed a response to the counseled supplemental

motion (Doc.No. 390), and attorney Ghilardi filed a reply on behalf of Defendant (Doc. No.

394).  Attorney Ghilardi later filed a motion to withdraw as counsel for Defendant (Doc. No.

396), which the Court granted, indicating that it would rule on Defendant's pro se § 2255 motion,

his pro se supplement, and counseled supplement in due course (Doc. No. 397).

     Defendant's § 2255 filings were later referred to Magistrate Judge Carlson for the

preparation of a Report and Recommendation.  (Doc. No. 403.)  On January 2, 2019, Defendant

filed a motion, styled as a motion for a stay, seeking additional time to file a supplemental brief

in support of his § 2255 motion.  (Doc. No. 404.)  Magistrate Judge Carlson granted Defendant's

motion and directed Defendant to file any supplemental brief on or before February 1, 2019.

(Doc. No. 405.)  Instead of filing a supplemental brief, on January 18, 2019, Defendant filed an

amended § 2255 motion raising additional claims.  (Doc. No. 406.)  On May 6, 2019, Magistrate

Judge Carlson issued a Report and Recommendation recommending that Defendant's initial §

2255 motion and supplements be denied.  (Doc. No. 418.)  Defendant then filed objections to the

Report and Recommendation (Doc. No. 419), a document styled as an amended § 2255 motion

(Doc. No. 420), and a motion asking that § 2255 proceedings be held in abeyance pending the

Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019) (Doc. No. 421).

     On October 31, 2019, this Court adopted Magistrate Judge Carlson's Report and

---

[4]  The Supreme Court's decision in Johnson invalidating the residual clause of the ACCA as
unconstitutionally vague gave rise to additional challenges to similar residual clauses, like the
one contained in Section 924(c)(3)(B).  See Beckley v. United States, 137 S. Ct. 886 (2017)
(rejecting a vagueness challenge to the residual clause of the United States Sentencing
Guidelines' career offender definition); see also Sessions v. Dimaya, 139 S. Ct. 1204 (2018)
(applying Johnson and finding unconstitutionally vague the residual clause of the federal
criminal code's definition of a crime of violence).

Recommendation over Defendant's objections and denied Defendant's initial § 2255 motion, as well as his amended and supplemental motions. (Doc. Nos. 440–41.) In so doing, the Court denied Defendant's motion to hold proceedings in abeyance as moot because the Supreme Court had issued its opinion in <u>Davis</u>, extending the holding of <u>Johnson</u> to § 924(c)(3)(B) and concluding that its residual clause is unconstitutionally vague.[5] <u>See Davis</u>, 139 S. Ct. at 2336. The Court noted that "[Petitioner's] conviction for attempted Hobbs Act robbery is still a predicate crime of violence under § 924(c)(3)(A)." (Doc. No. 440 at 8–9.)

On December 4, 2019, Defendant filed a Notice of Appeal seeking a certificate of appealability from the United States Court of Appeals for the Third Circuit (the "Third Circuit"). (Doc. No. 445.) Thereafter, on March 26, 2020, Defendant filed a "Motion to Appoint Counsel re Reduce Sentence in Proceedings Related to the Application of <u>US v. Davis</u>." (Doc. No. 453.) This Court's Standing Order 19-08 (Appointment of Counsel in Proceedings Related to <u>US v. Davis</u>) issued, and the Federal Public Defender ("FPD") was appointed to represent Defendant. (Doc. No. 454.) Because of a potential conflict in the FPD's representation of Defendant, the FPD moved to withdraw. (Doc. No. 455.) On April 1, 2020, the Court granted that motion and appointed Edward J. Rymsza, Esq. to represent Defendant. (Doc. No. 456.)

---

[5] Under § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, or brandishes a firearm "during and in relation to any crime of violence." <u>See</u> 18 U.S.C. § 924(c)(1)(A)(ii). A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." <u>See id.</u> § 924(c)(3). Courts have generally referred to clause A as the "elements clause" and clause B as the "residual clause." <u>See</u> <u>United States v. Galati</u>, 844 F.3d 152, 154 (3d Cir. 2016), <u>cert. denied</u>, 138 S. Ct. 636 (2018); <u>United States v. Robinson</u>, 844 F.3d 137, 140–41 (3d Cir. 2016), <u>cert. denied</u>, 138 S. Ct. 215 (2017).

Subsequently, on June 24, 2020, Defendant filed a counseled Motion to Vacate under 28 U.S.C. § 2255 pursuant to United States v. Davis, representing that Defendant had filed a motion for permission to file a second or successive § 2255 motion with the Third Circuit. (Doc. No. 461.) Defendant's successive § 2255 motion was based on his argument that, after Davis, his § 924(c) conviction cannot be sustained because the predicate offense of attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)'s elements clause. (Id. at 6.)

On April 29, 2021, the Third Circuit issued an order denying Defendant's request for a certificate of appealability in connection with this Court's resolution of his initial § 2255 motion. (Doc. No. 477.) In its order, the Third Circuit also stated, "[w]e further add that appellant's claim under Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Davis, 139 S. Ct. 2319, is not debatable because Hobbs Act robbery remains a § 924(c) crime of violence." (Doc. No. 477 at 1.) The Third Circuit's order cited its recent decision in United States v. Marcus Walker, 990 F.3d 316, 325–26 (3d Cir. 2021), wherein it held that both completed Hobbs Act robbery and attempted Hobbs Act robbery constitute crimes of violence under the elements clause of Section 924(c) after Davis.

Given this controlling precedent, on May 20, 2021, this Court issued an order directing Defendant to show cause why the Court should not dismiss his pending § 2255 motion. (Doc. No. 480.) Defendant filed a response indicating that there was a split in the circuit courts of appeal regarding whether attempted Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause and informing the Court that a petition for writ of certiorari would be filed in Marcus Walker. (Doc. No. 481.) Accordingly, Defendant requested that the Court reserve any ruling on Defendant's § 2255 motion until the resolution of certiorari proceedings in Marcus Walker. (Id.)

5

On June 21, 2022, the Supreme Court issued an opinion in United States v. Taylor, 142 S. Ct. 2015 (2022), resolving the circuit split and holding that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of 18 U.S.C. § 924(c). Thereafter, the Supreme Court granted certiorari in Marcus Walker, vacated the judgment, and remanded the case to the Third Circuit in light of its decision in Taylor. In July 2022, Defendant filed a request for permission to file a successive § 2255 motion with the Third Circuit based on Taylor. See (Doc. No. 488). Pursuant to 28 U.S.C. §§ 2255(h) and 2244, a second or successive motion must be certified by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See 28 U.S.C. § 2255(h). On January 4, 2023, the Third Circuit denied Defendant's request. See In re Barry Walker, No. 22-2379 (3d Cir. Jan. 4, 2023), ECF No. 8. In so doing, the Third Circuit stated as follows:

> Walker's application under 28 U.S.C. §§ 2244 & 2255(h) is denied. He relies on United States v. Taylor, 142 S. Ct. 2015 (2022), but that case involves statutory interpretation and did not announce a new rule of constitutional law. See id. at 2023 & 2024 (discussing proposed construction of the statute against the "usual rules of statutory interpretation"); see generally In re Sampson, 954 F.3d 159, 161 (3d Cir. 2020) (per curiam) (stressing that case involving statutory interpretation did not satisfy § 2255(h)). This order is without prejudice to Walker's asserting a claim based on Taylor in the District Court in a § 2241 petition.

See id.

On April 11, 2023, Defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 514), with a brief in support (Doc. No. 515) based on the Supreme Court's decision in Taylor. Thereafter, the Government filed a motion to stay briefing on the

petition (Doc. No. 518) based on the United States Supreme Court's consideration of the scope of 28 U.S.C. § 2255's saving clause, 28 U.S.C. § 2255(e)—which provided the vehicle for Defendant to seek relief under 28 U.S.C. § 2241—in Jones v. Hendrix, 143 S. Ct. 1857 (2023).[6] The Court granted the Government's motion and stayed briefing on Defendant's § 2241 petition pending the Supreme Court's decision in Jones.  (Doc. No. 519.)  On July 18, 2023, noting that the Supreme Court issued an opinion in Jones on June 22, 2023, the Court issued an order lifting the stay of briefing, directing the Government to respond to the petition on or before August 1, 2023, and permitting Defendant to file a reply to that response within fourteen (14) days of its filing.  (Doc. No. 525.)  On July 31, 2023, the Government filed its brief in opposition to the petition.  (Doc. No. 526.)  On August 14, 2023, Defendant filed an unopposed request for a thirty-day (30) extension of time to file his reply (Doc. No. 529), which the Court granted, making Defendant's reply due September 14, 2023 (Doc. No. 530).  Defendant filed his reply on September 13, 2023.  (Doc. No. 541.)

On September 28, 2023, the Court issued a Memorandum and Order dismissing Defendant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction, finding that the Supreme Court's decision in Jones did not permit Defendant to seek

---

[6] 28 U.S.C. § 2255(e) provides as follows:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

See 28 U.S.C. § 2255(e).

relief under § 2241.  (Doc. Nos. 542–43.)[7]  In Jones, a petitioner filed a § 2241 petition

challenging his federal sentence based on new Supreme Court precedent interpreting his statute

of conviction.  See Jones, 143 S. Ct. at 1864.  The petitioner had previously filed a § 2255

petition which was resolved on the merits but argued that he could challenge his sentence anew

by way of a § 2241 petition pursuant to § 2255(e)'s saving clause because, before the new

Supreme Court decision was issued, his challenge was foreclosed by binding circuit precedent

and therefore a § 2255 remedy was "inadequate or ineffective" to test the legality of his sentence.

See id.  The Supreme Court affirmed the dismissal of the § 2241 petition for lack of jurisdiction,

stating as follows:

> [T]he saving clause does not authorize an end-run around [§ 2255(h)].  In § 2255(h),
> Congress enumerated two—and only two—conditions in which a second or
> successive § 2255 motion may proceed.  Because § 2255 is the ordinary vehicle for
> a collateral attack on a federal sentence, the straightforward negative inference from
> § 2255 is that a second or successive or collateral attack on a federal sentence is not
> authorized unless one of those two conditions is satisfied.

See id. at 1868 (expressly overruling the Third Circuit's previous application of the saving clause

to permit federal prisoners to bring § 2241 petitions in limited circumstances in In re Dorsainvil,

119 F.3d 245 (3d Cir. 1997)).  Accordingly, after Jones the saving clause contained in § 2255(e)

"does not permit a prisoner asserting an intervening change in statutory interpretation to

circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241

petition."  See id. at 1864.

In its September 28, 2023 Memorandum dismissing Defendant's § 2241 petition for lack

of jurisdiction, the Court noted that Defendant, in his reply brief, asked the Court "to construe his

§ 2241 motion 'as a writ of error coram nobis, a writ of audita querela, or a Rule 60(b) motion.'"

---

[7]  The Court also dismissed Defendant's still-pending § 2255 motion for lack of jurisdiction.
(Id.)

(Doc. No. 542 at 9 n.5.)  The Court, noting Walker's summary treatment of these potential grounds for relief as well as the Government's lack of opportunity to respond, declined Defendant's invitation to construe his § 2241 petition as one seeking these forms of relief.  (Id.) However, the Court noted that "[t]o the extent that [Walker] believes that these procedural devices afford him the potential for relief, he should file a properly-supported motion to that effect and once fully briefed, the Court will rule on any such request in due course."  (Id.)

Accordingly, on April 17, 2024, Defendant filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) or alternatively, a petition for writ of audita querela (Doc. No. 545), with a brief in support (Doc. No. 546).  Thereafter, on April 30, 2024, the Government filed a brief in opposition (Doc. No. 549), and on June 5, 2024, Defendant filed a reply brief (Doc. No. 550).  Having been fully briefed, Defendant's motion is ripe for disposition.

## II.    DISCUSSION

By way of the pending motion, and given the unavailability of post-conviction relief pursuant to 28 U.S.C. § 2255(h) or § 2241, Defendant requests that this Court vacate his conviction and sentence associated with count 5 (possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)) by way of either Federal Rule of Civil Procedure 60(b)(6) or a writ of audita querela.  The Court first addresses Defendant's Rule 60(b)(6) argument.

### A.    Federal Rule of Civil Procedure Rule 60(b)

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  See Gonzalez v. Crosby, 545 U.S. 524, 528

(2005).  The Rule authorizes a court to relieve a party from a final judgment or order in the

following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b)(1)–(6).  Rule 60(b)(6) "permits reopening when the movant shows 'any

reason justifying relief from the operation of the judgment' other than the more specific

circumstances set out in Rules 60(b)(1)-(5)."  See Gonzalez, 545 U.S. at 529 (citations omitted).

A party seeking relief under Rule 60(b)(6) bears a heavy burden of demonstrating

"'extraordinary circumstances' justifying the reopening of a final judgment."  See id. at 535.  A

motion filed under Rule 60(b) is addressed to the sound discretion of the trial court.  See Pierce

Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988).

In support of his motion, Defendant argues that this case demonstrates "extraordinary

circumstances" justifying relief from final judgment pursuant to Rule 60(b)(6).  Defendant

argues that the Court should grant relief pursuant to Rule 60(b)(6) because: (1) Taylor constitutes

an intervening change in the law—i.e., attempted Hobbs Act robbery is no longer a crime of

violence under 18 U.S.C. § 924(c)'s elements clause (Doc. No. 546 at 11–12); (2) the Rule

60(b)(6) motion was made within a reasonable time (id. at 12); (3) "under the circumstances

presented here, there is no impact if the judgment is reopened" (id. at 12–13); and (4) the Court

10

granted relief to Barron Walker, Walker's brother and co-Defendant, "on the identical issues" and therefore "this Rule should be applied to [Walker] to achieve 'substantial justice'" (id. at 13).

In response, the Government acknowledges the potential availability of 60(b)(6) relief in habeas corpus cases in "extraordinary circumstances." (Doc. No. 549 at 10.) However, the Government states that, in the context of habeas cases, Rule 60(b) must be viewed against the backdrop of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which placed significant limitations on post-conviction relief available to federal prisoners. The Government asserts that "[o]ften a claim an inmate offers 'although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly.'" (Id. at 10–11 (quoting Gonzalez, 545 U.S. at 534).) The Government quotes Gonzalez as follows:

> Using Rule 60(b) to present new claims for relief[,] . . . even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

(Id. at 11 (quoting Gonzalez, 545 U.S. at 531).) The Government notes that, in accordance with 28 U.S.C. § 2255, if a Rule 60(b) motion is actually a successive post-conviction claim, the district court lacks jurisdiction over the claim absent an appellate court's permission to file it. (Id. at 11.) The Government acknowledges the limited role of Rule 60(b) in habeas corpus cases—to address "a defect in the integrity of the federal habeas proceedings." (Id. at 11 (quoting Gonzalez, 545 U.S. at 532).) The Government quotes Gonzalez's guidance on differentiating between a second or successive habeas petition advancing a claim and an appropriate Rule 60(b) motion alleging a defect in the integrity of the habeas proceedings:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively

> indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

(Id. at 12 (quoting Gonzalez, 545 U.S. at 532).)

Pursuant to this standard, the Government maintains that Defendant's 60(b) motion asks the Court to revisit his count 5 conviction because the Court's prior determination as to his § 924(c) claim was wrong in light of Taylor, which makes Defendant's motion "an attack on the substance 'of the federal court's resolution of a claim on the merits.'" (Id. (quoting Gonzalez, 545 U.S. at 532).) Accordingly, the Government asserts that Defendant's Rule 60(b) motion is in substance a successive habeas petition, and because Defendant did not obtain permission to file a successive petition from the Third Circuit, the Court lacks jurisdiction to address the motion. (Id. at 12–13.)

The Government further argues that, assuming arguendo that Defendant's motion qualifies as a true Rule 60(b)(6) motion alleging a defect in the integrity of the habeas proceedings, a change in the interpretation of the law does not qualify as an "extraordinary circumstance" that justifies relief from final judgment. The Government notes that, although "[s]ome circuits have interpreted Gonzalez as closing off all Rule 60(b)(6) motions where there are changes in decisional law regarding the availability of habeas corpus relief. . . . [t]he Third Circuit has not gone so far." (Id. at 15–16.) Rather, the Government asserts that, in the situation where a petitioner alleges a defect in the habeas proceedings, the Third Circuit views Gonzalez "as indicating that changes in the law in the habeas context 'rarely' constitute extraordinary circumstances for which relief can be granted." (Id. at 16 (quoting Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014)).) The Government argues that:

> it is hardly extraordinary that after Walker's petition for habeas corpus relief was rejected that the Supreme Court resolved a statutory interpretation another way. Walker's conviction was in accordance with the law then in effect. His appeals and

habeas corpus petitions were similarly rejected in accordance with the law in effect at the time of those decisions. Walker's avenue for relief, a request for certificate of appealability, was rejected by the Third Circuit in accordance with that law.

(Id.) The Government maintains that "[t]he fact that Walker is left without a remedy does not in and of itself qualify as an extraordinary circumstance warranting relief." (Id. at 16.)

Upon careful consideration of the arguments of the parties, the record in this case, and relevant authority, the Court finds Defendant's Rule 60(b) argument unavailing. Although Defendant focuses his argument on the alleged existence of "extraordinary circumstances" justifying 60(b)(6) relief, under prevailing authority, the Court considers the existence of "exceptional circumstances" after concluding that a defendant's Rule 60(b) motion alleges a defect in habeas proceedings as opposed to a claim that the Court erred in denying him habeas relief. See Gonzalez, 545 U.S. at 535–36; United States v. Doe, 810 F.3d 132, 151 (3d Cir. 2015) (stating that the district court "should have asked whether the Rule 60 motion was a disguised second or successive motion and, if it was not, whether extraordinary circumstances justified granting relief") (emphasis added). Here, Defendant's Rule 60(b) motion attacks "the federal court's previous resolution of a claim on the merits," not a procedural mistake or a defect in the integrity of the habeas proceeding. See Gonzalez, 545 U.S. at 532. As expressed in Gonzalez, "a Rule 60(b) motion based on a purported change in the substantive law governing the claim" is an impermissible attempt to circumvent the limitations imposed on § 2255 relief. See id. at 531– 32. Accordingly, because Defendant's Rule 60(b)(6) motion is in effect a second or successive habeas petition, and Defendant has not obtained permission from the Third Circuit to file it, the Court will dismiss it for lack of subject matter jurisdiction. See id. at 531–32. As noted supra, Defendant alternatively argues that the Court should grant him relief pursuant to the All Writs Act under 28 U.S.C. § 1651(a). The Court turns to that request.

13

**B.    Writ of <u>Audita</u> <u>Querela</u>**

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." <u>Massey v. United States</u>, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (quoting <u>Pa. Bureau of Corr. v. U.S. Marshals Serv.</u>, 474 U.S. 34, 43 (1985)). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." <u>Id.</u>  "The common law writ of <u>audita querela</u> permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" <u>Id.</u> (quoting <u>United States v. Ayala</u>, 849 F.2d 425, 427 (D.C. Cir. 1990)).  Although the writ of <u>audita querela</u> is no longer available in civil cases, <u>see</u> Fed. R. Civ. P. 60(e), it "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." <u>See</u> <u>Massey</u>, 581 F.3d at 174.

Defendant asks this Court to grant him a writ of <u>audita querela</u>, which he maintains permits "a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" (Doc. No. 546 at 14 (quoting <u>Massey</u>, 581 F.3d at 174).)  He maintains that the Third Circuit permits such writs to be "utilized to 'fill[] in gaps' in post-conviction remedies." (<u>Id.</u> at 15) (quoting <u>Massey</u>, 581 F.3d at 174).)  Defendant notes that, after the Supreme Court's decision in <u>Jones</u>, he cannot qualify for § 2255 or § 2241 relief as to his count 5 § 924(c) conviction. (<u>Id.</u>)  Defendant argues that "the procedural facts in this case demonstrate [that] an enormous sinkhole, rather than merely a 'gap' has been created." (<u>Id.</u>)  Defendant maintains that he is subject to a "gross disparity" in sentencing "when the Court granted Mr. Walker's brother, Barron Walker's § 2255 relief and vacated his conviction and sentence in Count V (18 U.S.C. § 924(c)), pursuant to <u>United States v. Taylor</u>, the same relief Mr. Walker seeks" and "the Government conceded relief." (<u>Id.</u>)  Defendant asserts that:

in unnecessarily cruel fashion, the Government opposed the very same relief for Mr. Walker. While the Government acknowledged in its prior pleadings that its position on co-defendant Barron Walker was defensible by the Walker brothers' dissimilar procedural postures, the Government nevertheless consciously exploited that distinction.

After Barry Walker filed his § 2241, and knowing that it had already conceded relief on Barron's case, the Government, over Mr. Walker's vigorous objection, calculatingly requested a stay of the § 2241 litigation based upon the then-pending Jones v. Hendrix decision.[] That type of procedural gamesmanship was utilized only to secure a patently inequitable result for Barry Walker. The Government could have, and should have, agreed to the same relief for Barry Walker that it conceded for brother Barron.[] Regardless of its motive, the end result remains an unjust conviction and sentence disparity.

(Id. at 15–16 (footnotes omitted).)[8] Defendant maintains that he is not responsible for the

difference in the procedural posture of his habeas proceedings as compared to his brother Barron,

and that because he has no recourse pursuant to § 2255 or § 2241, the Court's grant of post-

conviction equitable relief based upon a change in the law "is just." (Id. at 17.)

---

[8] Defendant attacks not only the Government's failure to agree to provide him the same relief it conceded was appropriate for Barron Walker but also, it appears, the Court's failure to ensure that he was represented by counsel at all times during his post-conviction relief efforts. Specifically, Defendant asserts that when attorney Ghilardi moved to withdraw from representing him:

> inexplicably the motion to withdraw did not request that new counsel be appointed. In fact, this Court's Order simply granted Ms. Ghilardi's motion to withdraw and did not address the appointment of new counsel. Mr. Walker waited more than two years before new counsel was ever appointed. Thus, Mr. Walker could have been in the same procedural position of his brother Barron if the aforementioned events, beyond his control, were avoided.

(Id. at 17) (citations omitted). The Court notes that Defendant was unrepresented for a period of time after his counseled Johnson-related 2255 motion was briefed and awaiting resolution due to the terms of his counsel's withdrawal request. However, despite his statement that he "could have been in the same procedural position of his brother Barron if the aforementioned events, beyond his control, were avoided" (id.), Defendant does not identify any action that prospective counsel should have or would have taken during that period of time that would have resulted in a more favorable procedural posture for him.

In response, the Government argues that Defendant's request for <u>audita querela</u> relief should be denied because it is an attempt to "do an end around" the limitations of §§ 2255 and 2241. (Doc. No. 549 at 20.) The Government argues that because AEDPA specifically addresses the process of challenging a federal conviction, a petition for a writ of <u>audita querela</u> is not available as a basis for relief. (<u>Id.</u>) (citing <u>Massey</u>, 581 F.3d at 174 and <u>United States v. Banks</u>, 737 F. App'x 639, 641 (3d Cir. 2018) (unpublished) (stating that "relief via a petition for a writ of <u>audita querela</u> is not available where a specific statute addresses the issue at hand" and that "[a] motion pursuant to 28 U.S.C. § 2255 is the proper vehicle for collaterally challenging a federal conviction or sentence")).

As an initial matter, the Court notes that the primary focus of Defendant's argument is the differing treatment received by Defendant's brother and co-Defendant Barron Walker ("Barron") as to post-conviction relief on the brothers' count 5 § 924(c) convictions. Accordingly, and to provide the appropriate context to Defendant's argument, below the Court describes the procedural history relating to Barron's post-conviction relief efforts. Like his brother and co-defendant, Barron was initially sentenced to 570 months of imprisonment, consisting of 210 months' imprisonment on counts 1, 2, and 6, a term of 60 months' imprisonment on count 3, to be served consecutively to the other counts, and a term of 300 months on count 5, to be served consecutively to count 3. (Doc. No. 325 at 3.) Barron filed a direct appeal to the Third Circuit, which affirmed the Court's judgment. <u>See United States v. Walker</u>, 657 F.3d 160 (3d Cir. 2011). Barron filed an initial § 2255 motion in 2012 (Doc. No. 355), which was denied in August of 2013 (Doc. No. 364). He sought a certificate of appealability from the Third Circuit (Doc. No. 365), but the request was denied in February 2014 (Doc. No. 373).

On May 9, 2016, Barron filed a letter docketed as a "Motion to Vacate Under 28 U.S.C. § 2255" regarding Johnson's impact on his 924(c) conviction.  (Doc. No. 391.)  On the same date, the Court's Standing Order issued appointing the FPD to represent Barron in proceedings related to Johnson and the FPD filed an unopposed motion to hold his pro se filing in abeyance while the FPD sought permission from the Third Circuit for Barron to file a successive § 2255 motion (Doc. No. 393), which the Court granted (Doc. No. 395).  On August 28, 2019, after the Supreme Court issued its decision in United States v. Davis, 139 S. Ct. 2319 (2019), the Third Circuit granted Barron permission to file a successive 2255 motion.  (Doc. No. 437.)  Subsequent to that filing, and with the agreement of the Government, counsel filed a supplement to Barron's § 2255 motion arguing that neither attempt to commit Hobbs Act robbery nor completed Hobbs Act robbery constitute crimes of violence under Section 924(c)(3)(A) after Johnson and Davis, and therefore, Barron's conviction and consecutive sentence on count 5 for violation of 18 U.S.C. § 924(c) violates due process and should be vacated.  (Doc. No. 447.)

After the parties completed briefing on the motion (Doc. Nos. 450–51), the Court, noting that the Third Circuit was considering whether attempted Hobbs Act robbery constitutes a crime of violence under Section 924(c)(3)(A) after Davis in United States v. Marcus Walker, No. 15-4062, subsequent to its anticipated resolution of the question whether completed Hobbs Act robbery constitutes a crime of violence under Section 924(c)(3)(A) after Davis in the cases of United States v. Copes, No. 19-1494 and United States v. Monroe, No. 16-4384, issued an Order on March 25, 2020 recognizing that the Third Circuit's decision in those cases would inform the Court's ultimate resolution of Barron's § 2255 motion and staying his motion pending a decision from the Third Circuit in the above-referenced cases.  (Doc. No. 452.)  On January 6, 2021, a panel of the Third Circuit issued a non-precedential opinion in Copes and Monroe holding that

Hobbs Act robbery is a crime of violence under the elements clause of Section 924(c).  <u>See</u> <u>United States v. Monroe</u>, No. 16-4384, 2021 WL 50161 at *2 (3d Cir. Jan. 6, 2021).  Barron's counsel subsequently filed a notice informing the Court of the <u>Copes</u> and <u>Monroe</u> decision, as well as the Third Circuit's issuance of a precedential opinion in <u>United States v. Marcus Walker</u>, No. 15-4062, 2021 WL 833994 (3d Cir. Mar. 5, 2021).  Based on the Third Circuit's holding in <u>Walker</u> that both completed Hobbs Act robbery and attempted Hobbs Act robbery constitute crimes of violence under the elements clause of Section 924(c), the Court denied Barron's pending § 2255 motion on March 16, 2021.  (Doc. Nos. 464–65.)  Barron subsequently filed a notice of appeal seeking a certificate of appealability of the Court's decision.  (Doc. No. 467.)

On September 12, 2022, the Third Circuit issued an Order granting Barron's request for a certificate of appealability, summarily vacating this Court's Order denying him § 2255 relief, and remanding his case to this Court for further proceedings in light of <u>United States v. Taylor</u>, 142 S. Ct. 2015 (2022).  (Doc. No. 492-2.)  The Court thereafter held a status conference with the parties (Doc. No. 493), during which the Government conceded, pursuant to <u>Taylor</u>, that Barron was entitled to Section 2255 relief insofar as his count 5 conviction and sentence should be vacated.  After that conference, Barron's counsel submitted a letter brief arguing that, pursuant to the "sentencing package doctrine" and in light of the "interdependence" of Petitioner's sentence on count five with his sentence on the other counts of conviction, Barron was entitled to a plenary resentencing hearing.  (Doc. No. 494.)  On December 5, 2022, the Court held a status conference with the parties, and the Government indicated its agreement with Barron's position. (Doc. No. 497.)  Accordingly, on December 7, 2022, the Court issued an Order granting Barron's § 2255 motion, vacating his conviction and sentence on count 5, directing the United States Probation Office to prepare and file an updated Pre-Sentence Investigation Report, and

scheduling a sentencing hearing.  (Doc. No. 498.)  The Court ultimately held a resentencing

hearing on August 31, 2023 and sentenced Barron to a term of imprisonment of 420 months,

consisting of 120 months on count 1 and count 2, to run concurrently with each other, 240

months on count 6 to run consecutive to counts 1 and 2, and 60 months on count 3 to run

consecutive to counts 1, 2, and 6.  (Doc. No. 534.)  Barron appealed the amended judgment

(Doc. No. 539), but on July 2, 2024, the Third Circuit issued an Order dismissing Barron's

appeal as moot in light of his death on May 17, 2024 (Doc. No. 551).

Based on the above sequence of events and the fact that Barron obtained relief from his

count 5 § 924(c) conviction after <u>Johnson</u>, <u>Davis</u>, and <u>Taylor</u> via § 2255 and Defendant did not

obtain relief on his count 5 § 924(c) conviction by way of either § 2255 or § 2241 (given the

holding of <u>Jones</u> as it pertains to the saving clause of § 2255(e)), he maintains that the end result

is "an unjust conviction and sentencing disparity" (Doc. No. 546 at 16) that this Court should

remedy by way of the issuance of a writ of <u>audita querela</u>.

Upon careful consideration of the arguments of the parties, the record of this case, and

relevant authority, the Court is constrained to deny Defendant's petition.  As the Government

correctly notes, pursuant to <u>Massey</u>, <u>audita querela</u> relief is unavailable when a statute

specifically addresses a particular issue and "[a] motion to vacate sentence pursuant to 28 U.S.C.

§ 2255 is the means to collaterally challenge a federal conviction or sentence."  <u>See</u> <u>Massey</u>, 581

F.3d at 174; <u>see also</u> <u>United States v. Leinenbach</u>, 413 F. App'x 422, 424 (3d Cir. 2011)

(unpublished) (stating that "the All Writs Act provides only residual authority; when specific

statutory grants such as § 2255 provide an avenue for relief, the narrower procedure controls").

Further, a defendant "may not seek relief through a petition for writ of <u>audita querela</u> on the basis

of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act

("AEDPA") for filing a second or successive § 2255 motion to vacate sentence." See Massey,

581 F.3d at 174.

    The Court recognizes that in Massey, the Third Circuit included a footnote stating that

"[i]n the rare case that § 2255 is 'inadequate or ineffective' because some limitation of scope or

procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a

claim, a federal prisoner may seek relief via 28 U.S.C. § 2241." See id. at n.1.  The Massey

court's acknowledgment of the potential availability of § 2241 relief was echoed by the Third

Circuit when it denied Defendant's request to file a second or successive § 2255 motion based on

Taylor and suggested that he may have recourse to a § 2241 motion to seek relief pursuant to the

saving clause of § 2255(e).  See In re Barry Walker, No. 22-2379 (3d Cir. Jan. 4, 2023), ECF No.

8.  However, as discussed supra, Jones has foreclosed the possibility of § 2241 relief for an

individual in Defendant's circumstances—where a defendant cannot meet the gatekeeping

requirements of § 2255(h) because his motion is based on an intervening change in statutory

interpretation.  See Jones, 143 S. Ct. at 1864; Voneida v. Johnson, 88 F.4th 233, 237–38 (3d Cir.

2023) (acknowledging that Jones abrogated In re Dorsainvil and that "a second or successive

motion is available only when one of the conditions articulated in § 2255(h) is satisfied, and an

intervening change in statutory interpretation that would render the petitioner's conduct non-

criminal is not among those conditions").

    Defendant has not cited any post-Jones authority in this Circuit (or elsewhere) indicating

that the writ of audita querela is available to provide relief to a defendant in such circumstances,

and the Court has found none.  The legal universe after Jones is one in which it may happen that

"the application of a since-rejected statutory interpretation—cannot be remedied after final

judgment." See Jones, 143 S. Ct. at 1877 (quoting George v. McDonough, 142 S. Ct. 1753, 1762 (2022)).

The Court notes that the gravamen of Defendant's argument in favor of audita querela relief is the differing treatment of his co-Defendant Barron due to their differing § 2255 procedural postures and their resulting sentencing disparity. The Court acknowledges the disparity in sentencing between the Walker brothers and recognizes the basis of Defendant's appeal to equitable considerations; however, "[e]quitable reasons alone, even of the most compelling nature, are insufficient to invoke audita querela." See Means, Federal Habeas Manual § 1.31 (June 2024 Update). Accordingly, the Court will deny Defendant's petition.[9]

## III.    CONCLUSION

For all of the foregoing reasons, the Court will dismiss in part and deny in part Defendant's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) or Alternatively, a Petition for a Writ of Audita Querela. The Court will dismiss Defendant's Rule 60(b) motion for lack of jurisdiction and deny his petition for a writ of audita querela. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[9] Defendant cites United States v. Kenney, No. 99-cr-00280, 2017 WL 621238 (M.D. Pa. Feb. 15, 2017) in support of his request for audita querela relief. The Court finds Kenney distinguishable from the facts of this case. In Kenney, the Third Circuit denied an application to file a second or successive habeas petition and in so doing, noted that it was questionable whether the petitioner's argument was "even cognizable under § 2255," and "[i]f it is not, then there may also be some question whether the gate-keeping requirements of § 2255 that preclude audita querela relief in some cases are triggered in the first place" and therefore the Third Circuit's denial was "without prejudice to file a petition for a writ of audita querela" in the district court. See id. at *2. In accordance with the Third Circuit's invitation, the district court subsequently granted audita querela relief. See id. at *4.